**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**GULFPORT ENERGY CORP.,**

**Plaintiff,**

**v.**

**EARL N. SAYRE,**

**Defendant.**

**Case No. 2:14-cv-2571**
**JUDGE GREGORY L. FROST**
**Magistrate Judge Elizabeth P. Deavers**

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant's motion to set aside default (ECF No. 12), Plaintiff's response in opposition (ECF No. 15), and Defendant's reply memorandum (ECF No. 16). For the reasons that follow, the Court **DENIES** the motion.

**I. BACKGROUND**

Plaintiff Gulfport Energy Corp. ("Gulfport") is an oil and gas exploration company. Gulfport alleges that, on February 26, 2011, Defendant Earl Sayre leased the oil and gas rights underlying his property to a third party, Tri-Star Energy Holdings ("Tri-Star"). Tri-Star assigned its rights in the lease to Gulfport.

On May 10, 2011, after Sayre had received three letters from Tri-Star detailing the exhaustive due diligence it had conducted on his lease, Tri-Star notified Sayre that he was eligible to receive a lease signing bonus of $244,720.00. Gulfport sent Sayre a check for that amount, which Sayre promptly cashed.

Gulfport subsequently determined that Sayre should not have been paid the lease signing bonus. According to Gulfport, Sayre had previously (in 1978) leased the oil and gas interests

underlying his property to another entity. That lease was still in effect. As such, Gulfport alleges, the lease Sayre signed with Tri-Star was void.

On December 21, 2012, Gulfport informed Sayre that the $244,720.00 had been paid to him in error. Gulfport requested a full refund, but Sayre refused.

Almost two years later, on December 11, 2014, Gulfport filed the complaint that is the subject of this lawsuit. Gulfport asserted claims for unjust enrichment, mistake, and rescission of the lease.

It is undisputed that Sayre was served with the complaint and summons on April 9, 2015. The summons states as follows:

> A lawsuit has been filed against you.
>
> Within 21 days after service of this summons on you . . . you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney . . .
>
> If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

(ECF No. 5, at PAGEID # 61.) Sayre's answer or response to the complaint was due on April 30, 2015.

That deadline passed with no response from Sayre. Accordingly, on May 7, 2015, Gulfport applied to the Clerk for an entry of default. The Clerk entered default on May 8, 2015.

Approximately one month later, on June 3, 2015, the Magistrate Judge issued an order to show cause instructing Gulfport to move for default judgment or show cause why this case should not be dismissed for want of prosecution. Gulfport filed a motion for default judgment on June 23, 2015 and served the same on Sayre. In its motion, Gulfport requested the amount it paid to Sayre under the lease, $244,720.00, along with $400 in costs, $4,223.10 in prejudgment

interest, and interest accruing from the date of judgment until satisfaction. The Court granted Gulfport's motion on June 25, 2015.

On July 23, 2015, Sayre moved to set aside the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). Gulfport opposes the motion. The Court will consider the parties' arguments below.

## II. BACKGROUND

Pursuant to Rule 55(c), the Court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Sayre invokes Rule 60(b)(1), which states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."

The Sixth Circuit has noted the difference in a court's discretion to set aside an entry of default and to set aside a default judgment. *See Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). In the former case, a court enjoys "considerable latitude" and may consider equitable factors in deciding whether to set aside an entry of default. *Id*. In the latter case, however, the court's discretion "is circumscribed by public policy favoring finality of judgments and termination of litigation." *Id*. "Rule 60(b) reflects this public policy by requiring greater specificity from a moving party before a court will set aside a default judgment." *Id*.

With those considerations in mind, the Court must consider three factors in determining whether to set aside a default judgment. They are: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Id*. (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983); 10 Charles A. Wright et al., Federal Practice

and Procedure § 2692, 2694 (1983)). The first factor is coexistent with Rule 60(b)(1)'s requirement that there exist "mistake, inadvertence, surprise, or excusable neglect." *Id*. Only if the defendant can satisfy this factor does the Court proceed to consider the remaining two factors. *Id*.

Here, Sayre argues that his failure to respond to the complaint is the result of "excusable neglect." There is no question that Sayre neglected to take action after receiving the complaint. The question is whether this neglect was "excusable" within the meaning of Rule 60(b)(1).

Where, as here, a case has not been heard on the merits, "the determination of whether neglect is excusable takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) (citing *Burnley v. Bosch Ams. Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003) and *Jinks v. AlliedSignal, Inc*., 250 F.3d 381, 386 (6th Cir. 2001)). The Court will consider each of these factors in turn.

First, the length of the delay is relatively minimal. Sayre's answer was due on April 30, 2015. He filed his motion to set aside default judgment on July 23, 2015—less than one month after Gulfport filed its motion for default judgment. Although the process has caused a six-month delay in these proceedings, that delay is not insurmountable. The factors of "length of the delay" and "impact on the case and judicial proceedings," therefore, are neutral.

The "good faith" factor is also neutral. Sayre did not make a good faith attempt to comply with the summons or take any action in response to the same. There is no evidence, however, of a bad faith attempt by Sayre to avoid the consequences of this proceeding. This factor neither helps nor hurts Sayre's position.

The "reason for the delay" is the dispositive factor in this case. Sayre provides the following reasons for his failure to take action in this matter until after the Court entered default judgment against him: (1) he is 79 years old, (2) he is a retired farmer, (3) he takes heart medication "to manage a medical condition that has resulted in two heart attacks over the past several years," (4) he "did not fully understand the nature of the proceedings initiated against him until he consulted legal counsel after receiving notice of the Default Judgment," and (5) he believed the case was meritless because he believed his property had been "cleared." (ECF No. 12, at PAGEID # 119.) None of these reasons render his neglect "excusable" within the meaning of Rule 60(b)(1).

First, the fact that Sayre is a 79 year-old, retired farmer is essentially irrelevant. Sayre does not allege any specific limitation that would have hindered his ability to understand the summons. Sayre does not, for example, assert that he is unable to read or understand the English language, or that his age has caused his mental capacity to decline in any way. To accept Sayre's argument on this point would translate into a finding that individuals of a certain age and occupation are excused from complying with the Federal Rules of Civil Procedure for no reason other than their age and occupation. Not surprisingly, Sayre does not cite any authority in support of this position. The Court declines to create such a rule.

Sayre's argument that he did not fully understand the proceedings until he received notice of the default judgment is likewise insufficient to excuse him from his obligation to respond to the complaint. The summons is written in plain language that a lay person can understand just as easily as an attorney. Indeed, the summons explicitly states: "[i]f you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint." (ECF No. 5, at PAGEID # 61.) Sayre's argument that he did not understand this language would, if accepted,

effectively create a noncompliance excuse for any non-attorney faced with a summons. Such a result would drastically undermine the effectiveness of the Federal Rules of Civil Procedure and the integrity of the litigation process. Moreover, Sayre's argument is particularly unavailing in this case given that he understood well enough to take the matter to an attorney once the default judgment was entered against him.

The fact that Sayre took medication to manage a heart condition, although potentially relevant in other cases, has no relevance to the facts of this case. Sayre does not assert that the medication impaired his ability to understand the summons or take action in response to the complaint in any way. Nor does Sayre assert that his past heart attacks impact his present life or played any role in his failure to respond to the complaint. The Court certainly is sympathetic to Sayre's medical condition; however, it is not tied to any reason that would excuse his neglect.

Sayre's final argument that he believed the case was meritless given the letters he received from Tri-Star is equally unavailing. Such a belief does not excuse a defendant from complying with a summons or taking any action in response to a complaint. Sayre's defense regarding the Tri-Star letters could—and should—have been presented to the Court in his answer or in a formal motion filed with the Court. Had Sayre sought an attorney prior to the Court's order of default judgment, he undoubtedly would have been advised of this fact. Sayre's subjective perception of the merits of this case does not amount to excusable neglect.

In short, the Court acknowledges the drastic nature of the default judgment in this case. But to accept Sayre's arguments would effectively read the word "excusable" out of Rule 60(b)(1). Although equitable considerations strongly support Sayre's desire to litigate (albeit late) the merits of this case, the Sixth Circuit has explicitly held that those considerations are tempered by the competing "public policy favoring finality of judgments and termination of

litigation." *Waifersong, Ltd., Inc.*, 976 F.2d at 292. Sayre simply has not provided enough to overcome those policy considerations in this case.

Having found that Sayre failed to demonstrate excusable neglect, the Court is precluded from considering the remaining issues of whether Sayre has a meritorious defense or whether Gulfport will be prejudiced. *See id*. Sayre's motion, therefore, must be denied.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Sayre's motion to set aside the default judgment entered against him. (ECF No. 12.)

**IT IS SO ORDERED.**

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**